## Case No. 723.

### In re BAER.

[14 N. B. R. 97.]

District Court, N. D. Ohio.   March, 1876.

BANKRUPTCY—EXEMPTIONS—STATE LAWS.

[Under Act March 3, 1873, (17 Stat. 577, c. 235,) providing that exemptions allowed bankrupts "shall be the amount allowed by the constitution and laws of each state respectively, as existing in the year 1871," where the law of a state has been changed, (Act Ohio, May 1, 1873,) so that two different statutes were in force therein at different periods of the year 1871, the state law in force at the close of that year should control all exemptions claimed in proceedings begun after that time.]

In bankruptcy.

WELKER, District Judge. This matter comes before me by exceptions of the assignee to the action of the register, in allowing the bankrupt personal property of the value of five hundred dollars, instead of a homestead. The bankrupt [Anthony Baer] was the head of a family, and not the owner of a homestead. His wife was the owner, in her own right, as her separate property, of a homestead which was occupied by the bankrupt and family as a family homestead. He claims that under the laws of Ohio he is, notwithstanding this occupancy, entitled to the exemption of personal property in lieu of a homestead. Under the laws of the state, as they existed up to the 1st day of May, 1871, the bankrupt would be allowed this exemption when not himself the owner of a homestead; but on that day the exemption law was so changed by amendment that, by reason of his wife's being the owner of a homestead in her own right, he was not entitled to claim it. The supreme court of the state, in 23 Ohio St. 603, decides that under the act of May, 1871, where the husband occupies the homestead of the wife as a family homestead, he cannot hold exempt from execution the personal property allowed by the act, in lieu of a homestead. The act of congress respecting exemptions in bankruptcy, amended in 1873, [Act March 3, 1873; 17 Stat. 577, c. 235,] provides that they "shall be the amount allowed by the constitution and laws of each state respectively as existing in the year 1871." In the year 1871, two different statutes were in force in Ohio, during two several periods of the year, one before the 1st of May, and a different one afterwards.

The question in this case is: What was the provision of the law in Ohio on that subject in the year 1871, as construed in the light of the bankrupt laws? Does it mean the law as it existed at the commencement of the year, at any time during the year, or as it was at the close of the year? It might happen in many of the states that the law might be changed several times during the year, and thus several rules adopted. If it had been intended to be the law at the commencement of the year, in order to prevent the difficulty growing out of such changes, the act of congress would, no doubt, have named the 1st of January, 1871. As it does not do so, to settle the rule, some period in the year should be adopted that would prevent the change. If the question should arise in the year 1871 it could be settled by adopting the law in force when petition in bankruptcy was filed. But in cases commenced since that year, some other construction must be given the bankrupt act as to what part of the year is to be adopted, controlling the rights of the parties. It seems to me that the law in force at the close of the year, for all exemptions claimed by bankrupts in proceedings filed after that time, should be regarded as the meaning of this provision of the bankrupt law. It can hardly be claimed that congress intended, in the act passed in 1873, to recognize as the rule of exemptions, laws that were repealed and ceased to be in force during the year 1871. If so, in states where several rules were adopted during the year, which rule is to be adopted? In this case the register adopted the law as the rule governing the right of the bankrupt, which was changed and ceased to be in force on the 1st of May, 1871. In this construction he erred, and therefore the exceptions are sustained, the allowance made by him is set aside, and the allowance refused.